204 So.2d 592 (1967)
Oliver ROBERTS, Jr., Plaintiff-Appellant,
v.
Norbert MECHE et al., Defendants-Appellees.
No. 2149.
Court of Appeal of Louisiana, Third Circuit.
November 29, 1967.
Rehearing Denied December 28, 1967.
Jacque B. Pucheu, Eunice, for plaintiff-appellant.
Andrew Vidrine, Church Point, for defendants-appellees.
Before FRUGÉ, SAVOY and HOOD, JJ.
*593 HOOD, Judge.
Plaintiff, Oliver Roberts, Jr., instituted this action for damages for personal injuries sustained by him when he was struck by an automobile being driven by defendant, Norbert Meche. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
A companion suit arising out of the same accident was instituted by Mrs. Mary Laudin Davis, individually and as Natural Tutrix for her minor son, Edward Davis, against the same defendant. That suit was consolidated for trial and appeal with the instant suit, and we are deciding both cases on this date. See Davis et al v. Meche, La. App., 204 So.2d 596.
The principal issue presented in these consolidated cases is one of fact. It is whether the accident occurred on the paved portion of a roadway, in defendant's lane of traffic, or whether it occurred on the shoulder and off the paved portion of the street. The plaintiff in each case contends that it occurred on the shoulder of the street, while defendant contends that the point of impact was on the pavement in his lane of traffic.
The accident occurred about 10:00 p. m. on July 9, 1966, on Polk Street in Rayne, Louisiana. Shortly before it occurred plaintiff and four of his companions had been riding in an automobile being driven by John Davis, Jr. One of the five occupants of the car, besides Roberts and the driver, was Edward Davis, a minor in whose behalf the companion suit was filed. While the Davis car was being driven in a southerly direction on the above named street, it ran out of gas and the driver brought it to a stop on his right, or on the west, side of the street, in a well lighted area in front of the Roy Andrus Store. A can of gas was obtained and put in the car, but while the automobile was parked in that position plaintiff and Edward Davis undertook to replace the left rear wheel with the spare, because the tire on that wheel had been leaking air. They were engaged in changing this tire when they were struck by an automobile which was being driven in a southerly direction by defendant Meche.
Plaintiff Roberts testified that at the time the accident occurred the Davis automobile was parked parallel to Polk Street, facing in a southerly direction, that the automobile was 12 inches off or west of the pavement, and that he was standing on the left side of the parked car, completely on the shoulder, when he and Davis were struck. Edward Davis testified that the car was parked three or four feet off the edge of the pavement, that he was crouching down at the left rear wheel, facing that wheel, engaged in changing the tire, and that he was entirely on the shoulder of the road when the accident occurred. Plaintiffs contend that the Meche car left the paved portion of the roadway and struck them while they were on the shoulder.
The three occupants of the Davis car, other than the two plaintiffs, also testified that the car was off the pavement. One stated it was "well enough" off as far as he could see. Another thought it was twelve inches off the pavement, and a third stated that it was two or two and one-half feet off the pavement. Two patrolmen for the City of Rayne who saw the parked car before and after the accident estimated that the car was about 12 inches off the paved portion of the street.
Defendant Meche testified that he saw the parked car as he approached it, although he was confronted with the headlights of another automobile which was approaching him from the north. He stated that the Davis car was partly on the paved portion of the street, that he would have struck it if he had continued to travel in his lane of traffic, and that he "made a little curve to go around the car." He stated that there were no lights on the parked car, that he did not see anyone near it and that he did not realize that his car had struck anyone *594 until he was informed of that fact a few minutes later.
The testimony of Meche is supported by that of Esta Lantier, the Chief of Police of the City of Rayne, who investigated the accident. Mr. Lantier testified that the Davis car was parked at a slight angle, that the rear of the car was jacked up and that the left rear portion of that car extended about five or six inches over or onto the paved portion of the street.
Defendant's account of how the accident occurred is also supported by the testimony of Roland Savoie, the driver of the automobile which was approaching defendant from the north. Mr. Savoie stated that the Meche car veered to its left and forced Savoie off the road just before the two cars met and passed each other, and that immediately after they passed he saw the Davis car and one of the injured persons. His testimony, we think, tends to support Meche's statement that he turned to his left to go around the parked car. Also, Meche would not have forced the approaching Savoie car off the roadway if Meche had driven onto the right or west shoulder of the street, as contended by plaintiffs.
The evidence shows that the Meche vehicle did not strike the Davis car at all. It did strike Edward Davis, who was crouching by the left rear wheel of the parked car, and it then struck Roberts, who was standing on the left side of the car near its rear door. Meche did not stop, but Savoie turned his car around, picked up one of the occupants of the Davis car immediately after the accident occurred, caught up with Meche and they informed him of the accident when he stopped for a traffic light about two blocks from the point where the collision occurred.
The trial judge did not assign written reasons for judgment, but since the demands of plaintiffs were rejected it is obvious that the court concluded either that defendant was free from negligence or that plaintiffs were barred from recovery by their own contributory negligence. In order to arrive at either conclusion, it appears to us that the trial judge must have found that plaintiffs were on the paved portion of the roadway when they were struck. If they had been on the shoulder and not in defendant's lane of traffic, as they contend, then we think judgment would have been rendered in favor of plaintiffs.
The trial judge's findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Satterwhite v. Zurich Insurance Company, 199 So.2d 429 (La.App. 1st Cir. 1967); Gulf Machine Shop v. Poynter, 192 So.2d 606 (La.App. 3d Cir. 1966).
We think the evidence in these cases preponderates to the effect that the two persons who were injured, Oliver Roberts, Jr. and Edward Davis, were on the paved portion of the roadway, in defendant's lane of traffic, when the accident occurred. It appears to us that the Davis car was partially on the pavement. But even if we should assume that it was 12 inches off the edge of the pavement, as stated by most of plaintiffs' witnesses, we would still be compelled to hold that plaintiffs, themselves, were on the pavement because we think it is highly unlikely that they could confine themselves to such a narrow space while changing a tire.
Our conclusion is that plaintiffs were negligent in remaining in defendant's lane of traffic, without giving any warning to the approaching motorist, and that their negligence in that respect was a proximate and contributing cause of the accident, barring them from recovery. Having concluded that plaintiffs would be barred from recovery by their own contributory negligence, it is unnecessary for us to consider the question of whether defendant also was negligent.
*595 Plaintiffs argue alternatively that defendant did not properly plead contributory negligence in either case, and that that defense thus is not available to him. Article 10 of the answer which was filed by defendant in the instant suit reads as follows:
"And further answering, and only in the event it should be found that Mr. Meche was involved in the accident and was guilty of any negligence which was in any way a proximate cause of the accident (which is at all times denied), then and in that event defendant expressly avers that the plaintiff, Oliver Roberts, Jr., was guilty of negligence which was a direct and proximate cause of the accident in the following, among other respects:
"a) In being and remaining on the paved portion of a through street late at night without giving any signal and with disregard to the traffic thereon.
"b) In failing to keep a proper lookout.
"c) In failing to do what he should have done and to see what he should have seen."
In Article 11 of the same answer the defendant alleges, "The contributory negligence of the said plaintiff is expressly pleaded as an absolute bar to any right of recovery herein."
Substantially the same allegations are contained in the answer which was filed by defendant in the companion suit instituted in behalf of Edward Davis, except that Article 11 was omitted from that answer which was filed in that suit.
We agree with plaintiffs that contributory negligence is a defense which must be specially pleaded, and that the facts relied upon as constituting such contributory negligence must be set out in the pleadings. LSA-C.C.P. Arts. 1003 and 1005; Washington Fire & Marine Ins. Co. v. Fireman's Fund Insurance Co., 130 So.2d 699 (La.App. 4th Cir. 1961).
Prior to the adoption of the Code of Civil Procedure in 1960, the defense of contributory negligence could not be effectively pleaded simply by alleging in the answer that the plaintiff's negligence was the sole cause of the accident, even though the particular acts of the plaintiff which are alleged to constitute such negligence are set forth in the pleading. The jurisprudence appeared to require, in effect, that the words "contributory negligence" be used in order to effectively plead that defense.
The redactors of that code, however, have wisely eliminated many of these technical rules which seemed more to defeat than to further the ends of justice. LSA-C.C.P. Art. 854, for instance, provides that "No technical forms of pleading are required." And, Article 5051 provides, "The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." See also LSA-C.C.P. Arts. 862 and 1154; Comments by Henry G. McMahon, LSA-C.C.P. Vol. 1, pp. LXXIX and LXXXI; LSA-C.C.P. Vol. 10, p. 57, footnote 10 to Form 161.
We think the requirement in LSA-C.C.P. Art. 1005 that the answer shall set forth affirmatively contributory negligence and any other matter constituting an affirmative defense has for its purpose the giving of fair notice of the nature of the defense, and preventing surprise. Norman v. City of Shreveport, 141 So.2d 903 (La. App. 2d Cir. 1962); and Davis-Delcambre Motors, Inc. v. Simon, 154 So.2d 775 (La. App. 3d Cir. 1963).
In Succession of Smith, 247 La. 921, 175 So.2d 269 (1965), our Supreme Court said: "Harsh rules of pleading are not favored in this state. Each pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice." And in Capuder v. Misko, 177 So.2d 592 (La.App. 3d Cir. 1965), we said: "The modern trend is toward liberal construction of pleadings, *596 so that the ends of justice may be served, rather than technical niceties."
In order for the defendant to effectively plead contributory negligence in his answer, it is necessary that he include allegations setting forth the material facts relied upon as constituting such negligence. LSA-C.C.P. Art. 1003; Washington Fire and Marine Insurance Company v. Fireman's Fund Insurance Co., supra. It is not essential, however, that the words "contributory negligence" be used. We think the special defense of contributory negligence is effectively pleaded in the answer when the allegations in that pleading, including averments of the facts relied upon for this defense, are sufficient to give fair notice to the plaintiff that contributory negligence is being specially pleaded.
The allegations contained in Article 10 of the answer filed in the instant suit are adequate to give fair notice to plaintiff that defendant is urging the special defense of contributory negligence, and plaintiff thus could not have been taken by surprise when such a defense was urged. We conclude that in that article alone, even in the absence of the additional averments contained in Article 11, the defendant has adequately set forth the special defense of contributory negligence in the instant suit.
Since substantially the same allegations are contained in the answer filed in the companion case, we conclude that in that case also the defendant has adequately set forth the special defense of contributory negligence.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.