WILLIAMS, Judge.
Upon application of plaintiff-appellee a rehearing was granted in this case. The events upon which plaintiff bases his claim are well stated in our opinion on first hearing, and we adopt and incorporate in this opinion the following portion recited in our original decision:
This suit arises out of a vehicular collision occurring on October 30, 1967 in the 3600 block of West 70th Street in the city of Shreveport, Louisiana. West 70th Street is a four-lane paved thoroughfare running east and west. At about 8:10 o’clock A.M. on this date a 1967 Ford Tamden truck owned by Estes Services, Inc. and driven by L. C. Ellis, was attempting to back into the C. & M. Wrecker Service located on the southerly side of 70th Street. It is disputed as to whether at the time of the collision hereinafter described the truck was moving forward or was stationary as it blocked the two eastbound lanes of 70th Street and extended three or four feet into the inside westbound lane. As the truck was thus positioned, Robert D. Bunn, who was proceeding westerly on 70th Street in his 1964 Oldsmobile Sedan, collided with the right front of the truck.
Bunn brought this action; naming as defendants the driver of the truck, Ellis, his employer, Estes Service, Inc., and its liability insurer, Commercial Union Insurance Group, seeking damages for personal injuries, medical expenses, and loss of wages. Negligence is charged against the truck driver, Ellis, in pulling out into West 70th Street into the side of plaintiff’s vehicle, in failing to keep a proper lookout, and in driving his truck-tractor combination across the lanes of West 70th Street with' the intention of backing into a private driveway.
Estes’ employees were engaged in positioning a large truck across the four-lane, heavily traveled street in order to pick up a large container. The method used to pick up the container was by means of a hydraulic jack. To be efficient the truck had to be at a right angle to 70th Street which required backing the truck over lanes being used by early morning traffic.
Defendant’s answer is a general denial of any liability to plaintiff and alleges in substance the above facts and added that one of its employees was flagging traffic approaching from the east; that plaintiff entered 70th Street at a high rate of speed and in spite of the truck “partially blocking the left hand (median) lane for westerly travel on 70th Street, plaintiff collided with the stationary 1967 Ford tandem truck; * * * ”
Plaintiff now contends the answer of defendant does not set forth the affirmative defense of “contributory negligence” but simply constitutes a series of conclusions drawn from the facts. LSA-C.C.P. art. 1005 provides that:
“The answer shall set forth affirmatively * * * assumption of risk, contributory negligence, * * * and any other matter constituting an affirmative defense. * * * ”
The effect and application of LSA-C.C.P. art. 1005 is fully enunciated in the recent cases of Landry v. Yarbrough, 199 So.2d 377 (La.App.1st Cir. 1967) and Roberts v. Meche, 204 So.2d 592 (La.App. 3d Cir. 1967). In the Roberts case the *400 court held that the answer adequately set forth the special defense of contributory negligence. From the pleadings of defendant quoted in that opinion it was evident that the special defense was clearly and adequately plead. The Roberts case is easily distinguishable from the instant case in that respect.
In the Landry case, analogous to the instant one, the defendant did not specially plead contributory negligence, nor did the pleadings do more than contain a recital of conclusions by defendant as to what happened at the scene of the collision. Such evidence, admitted without objection, was admissible under the recitals in defendant’s allegations and did not serve to enlarge the pleadings as permitted by LSA-C.C.P. 1154 (1960).
On rehearing we have carefully reexamined the evidence adduced at the trial of this case. It must be noted that a discussion of defendant’s negligence was pretermitted in our original opinion. We are now convinced that each of the witnesses for defendant could only state that he saw plaintiff’s vehicle as it approached the point of collision. Each, however, testified that he was unable to describe the actual collision. The flagman, John Page, stated that he did not see the actual collision because he was trying to get clear of the oncoming Bunn vehicle. The driver, L. C. Ellis, stated at the moment of impact he was looking in the rear view mirror of the truck and only “just seen the car run through the view of my eye.” The flagman, Wayne Taylor, who was on the opposite side of the truck from Bunn’s vehicle, could only testify that he had seen a car. Defendant’s witnesses had one fact that each knew and that was that the truck was stopped at the instant of collision blocking traffic. It was drizzling rain. This coupled with the blocking of a main thoroughfare, imposed a higher standard of care on the defendants. The precautions taken by that defendant fell short of what was reasonably required. Thus, we find defendants’ employees were negligent.
To determine if defendant has properly plead an affirmative defense we must find that Bunn was negligent and that such negligence was a contributing cause of the collision.
It is evident that the two opposing versions of the circumstances of the accident cannot be reconciled. Our study of plaintiff’s testimony as a whole, coupled with Officer Grimes’ testimony as to the position of the vehicles, compel us to hold plaintiff to be free of negligence.
Bunn’s version is that he was occupying the curb lane of 70th Street as he approached the maneuvering truck. He denied seeing a flagman as he approached the truck. This is reasonable considering the weather conditions, and the flagman’s lack of a signal device. Plaintiff’s speed was evidently reduced because his car traveled only a short distance from the point of impact. The fact that his vehicle was found to be in the inside or curb lane lends credence to his testimony. Officer Grimes in quoting from his report, stated:
“The Oldsmobile was westbound in the curb lane on 70th Street, and the truck had come across the street and run into the side of the car.”
Grimes further testified that the front end of the truck was in the inside lane for westbound 70th Street traffic.
Bunn testified that he could have stopped before the collision. The defendant relies upon this testimony for the proposition that Bunn had the last clear chance to avoid the accident and that his failure to stop was an assumption of the risk. We find that this contention is without merit. Having accepted his version of the cause of the collision we now hold Bunn free of any contributory negligence. His actions were reasonable under the existing circumstances.
*401 Plaintiff also answered this appeal asking for an increase in the amount of the judgment. We feel that the findings of the trial court as to quantum of damages is reasonable and correct.
For the reasons assigned, the judgment of the trial court is now affirmed at appellant’s cost.