BOLIN, Judge.
Nora B. Paxton sued Ben Ballard d/b/a Cotton Boll Market and its insurer, Rock-wood Insurance Company, for damages for injuries suffered when plaintiff tripped over a wire display counter and fell in *381 the aisle of the Cotton Boll. It is alleged plaintiff’s fall and subsequent injuries were caused by the fault of Ballard in leaving the display counter extending approximately 24 inches into the aisle, creating a hazardous and dangerous situation since the bottom portion of the extension was below her level of vision. In a written opinion the lower court found Ballard negligent and plaintiff contributorily negligent. From judgment dismissing plaintiff’s demands, she appeals. We affirm the ruling of the lower court.
The principal thrust of plaintiff’s appeal is that defendants failed to affirmatively plead contributory negligence as required by Louisiana Code of Civil Procedure Article 1005, which provides in part:
“The answer shall set forth affirmatively * * * contributory negligence, * * * and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.”
Defendants’ answer, denying each of plaintiff’s allegations, concluded as follows :
“FURTHER ANSWERING, RESPONDENT SHOWS:
12.
“The alleged accident was caused solely and only through the fault and negligence of plaintiff herein in the following and nonexclusive particulars:
(a) failing to keep a proper look-out;
(b) failing to walk properly;
i
(c) failing to observe a condition which she should have observed.
13.
“Defendants further show that plaintiff had been in the Cotton Boll Market the
day immediately prior to her injury and knew of the position of the rack and had commented on where it was placed. “WHEREFORE, RESPONDENTS PRAY that this answer be deemed good and sufficient, and this suit be dismissed at plaintiff’s costs.”
Plaintiff asserts the weight of Louisiana jurisprudence is to the effect that since contributory negligence is a special defense, it must be affirmatively pleaded before it can be effectively argued or considered in the decision of a case. Numerous cases are cited in support of this position, the most recent being Landry v. Yarbrough (La.App. 1st Cir. 1967) 199 So.2d 377, in which the court reversed the ruling of the trial court which had sustained a plea of contributory negligence. Plaintiff had sued defendant in tort for damages resulting from an automobile collision. Defendant answered, denying negligence, and further pleaded that the sole cause of the accident was plaintiff’s negligence in speeding. Ap-pellee pointed out no objection was made to the introduction of evidence in support of appellee’s contention that the accident was caused solely by the negligence of appellant and that the issues of contributory negligence and last clear chance were thus tried by consent of appellant. Citing Louisiana Code of Civil Procedure Article 1005 and Christ v. State Department of Highways (La.App. 3d Cir. 1964) 161 So.2d 322, it was held that since a plea of contributory negligence must be specially pleaded, allegations in the answer that plaintiff’s negligence was the sole cause of an accident did not form sufficient basis for dismissing plaintiff’s demands for contributory negligence. It was also pointed out in Landry that a general allegation in an answer that the accident was caused by the negligence of plaintiff did not assert a special defense because evidence that an accident was caused solely by the negligence of plaintiff would be admissible under a general denial.
In Christ v. State defendant alleged in its answer that the sole cause of an automobile accident was plaintiff’s negligence in *382 certain specified respects. The Third Circuit Court of Appeal, with Judge Tate expressing the majority opinion, held that such an answer did not constitute an affirmative plea of contributory negligence. Judge Hood dissented, arguing that one of the primary purposes in adopting the Code of Civil Procedure was to eliminate the technical rules of pleading formerly existing under the Code of Practice. The dissent correctly pointed out there is no requirement in Code of Civil Procedure Article 1005 that contributory negligence be pleaded alternatively or in any specified manner. A rehearing was denied in Christ v. State, with Judge Hood being of the opinion that it should have been granted. Judge Tate concurred in denying the rehearing and in connection therewith stated:
“The dissent to the majority suggests that this court should overrule the prior jurisprudence and should reinterpret the statutory provisions, so as to permit us to consider the affirmative defense of contributory negligence — required to be specially pleaded by LSA-C.C.P. Art. 1005 — as having also been pleaded by the defendant’s allegation that the plaintiff’s negligence was the sole cause of the accident.
“There is much merit in this suggestion. I have always thought that the jurisprudence on the question, which we in the majority followed, was too technical.
“On the other hand, the present case was tried, briefed, and decided by the trial court under the conception that contributory negligence was not at issue. It does not seem fair to change on appeal the ground rules under which the case was tried and decided in the lower court, in proper reliance upon the applicable jurisprudence.”
In conclusion, Judge Tate, after making the above comments, determined under the facts presented it was unnecessary to decide the question since the. evidence fell short of proving any contributory negligence by plaintiff.
One of the most recent cases dealing squarely with this question, is Roberts v. Meche (La.App. 3d Cir. 1967) 204 So.2d 592. The court, speaking through Judge Hood, held that contributory negligence was effectively pleaded in defendant’s answer in which were alleged facts sufficient to give plaintiff fair notice that contributory negligence was being pleaded. It was pointed out in the opinion that prior to the adoption of the Code of Civil Procedure the jurisprudence, in effect, required that the words “contributory negligence” be used in order to plead effectively that defense. After the citation of numerous cases, the court made this pronouncement:
“ * * * We think the special defense of contributory negligence is effectively pleaded in the answer when the allegations in that pleading, including aver-ments of the facts relied upon for this defense, are sufficient to give fair notice to the plaintiff that contributory negligence is being specially pleaded.”
Judge [now Justice] Tate, in reviewing the work of the Louisiana appellate courts for 1967-1968, 29 Law Review at page 284, expressed his approval of Roberts v. Meche in the following manner:
“Since the primary purpose of the requirement that affirmative defenses be pleaded is to give fair notice to the adversary, such an overstrict application of the fact-pleading rule seems to stress mechanics at the expense of function, at least where the opposing party clearly understands the nature of the defense sought to be proved. This technical application is based entirely upon pre-Code jurisprudence. To the writer, it seems to overlook Article 1154 of the new Code, which provides that ‘When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading . ’ (Emphasis added.) En *383 couragingly, at least three appellate decisions during the past year took this approach, although surprisingly none of them cited Article 1154. Of these, the most noteworthy is Roberts v. Meche. The court here held contributory negligence to be sufficiently pleaded, though only by legal conclusion, where the factual allegations clearly indicated that a defense of this nature was urged. The decision is so sensible and so much in accord with the spirit and intent of the Code that it is surprising to find that its holding stands alone and is contrary to the great weight of jurisprudential authority.”
Interestingly, the author in a footnote said the only criticism he had of Roberts v. Meche was that it did not mention and forthrightly overrule prior decisions of the same circuit, such as Christ v. State.
After giving this question serious consideration, we conclude defendants pleaded sufficient facts in their answer to clearly indicate that a defense of contributory negligence was being urged so as to satisfy the requirements of Louisiana Code of Civil Procedure 1005. This conclusion is based upon our belief that the redactors of the Code of Civil Procedure intended to liberalize pleadings to permit courts to render substantial justice so long as one party does not take advantage of another.
We are also taking into consideration that in the instant case defendants filed an answer in the form of a general denial and the allegations found to constitute a pica of contributory negligence followed the words, “Further answering, respondent shows.” Considering defendants’ answer as a whole, it is inconceivable plaintiff could complain she was not apprised that her negligence would be an issue in the trial of the case. We find defendants have affirmatively pleaded contributory negligence.
Having concluded defendants’ answer put at issue the question of plaintiff’s contributory negligence, we next consider whether the record supports a finding that plaintiff was in fact negligent. Plaintiff admitted she saw the metal rack in the aisle but complains that she did not notice the lower portion protruding several inches farther into the aisle than the upper section. An examination of the photographs as well as the testimony of plaintiff and other witnesses convinces us plaintiff was negligent in not seeing the entire rack and that such negligence contributed to the accident. The establishment was well lighted and the entire rack, containing brightly colored items, was clearly visible. We agree with the trial judge that plaintiff was guilty of contributory negligence.
The judgment of the lower court is affirmed at appellant’s cost.