289 So.2d 85 (1974)
Nora Burns PAXTON
v.
Ben BALLARD, d/b/a Cotton Boll Market, et al.
No. 53585.
Supreme Court of Louisiana.
January 14, 1974.
Rehearing Denied February 15, 1974.
*86 C. Don McNeil, George T. Anderson, Shreveport, for plaintiff-applicant.
Hal V. Lyons, Shreveport, for defendants-respondents.
SANDERS, Chief Justice.
The plaintiff, Nora Burns Paxton, sought damages for personal injuries sustained when she fell over a display rack at the Cotton Boll Market in Shreveport, Louisiana, on October 10, 1971. After trial, the district court denied recovery, finding the plaintiff guilty of contributory negligence. The Court of Appeal affirmed. 276 So.2d 380. The finding of contributory negligence was made and affirmed upon an answer which, making no specific reference to contributory negligence, charged that the accident was due solely to the negligence of the plaintiff in enumerated particulars.[1] We granted certiorari, La., 279 So.2d 202, primarily to determine whether such a pleading is sufficient to put contributory negligence at issue, a question upon which the Courts of Appeal of this state are divided.
The issue has considerable history. In 1929, the Fourth Circuit Court of Appeal in Giangrosso v. Schweitzer, 10 La.App. 777, 123 So. 127, concluded without discussion that a plea of sole negligence did not raise the issue of contributory negligence. during the same year, the First Circuit reached a different conclusion in Lipscomb v. Standard Highway Co., 11 La.App. 508, 124 So. 156 (1929). The First Circuit reasoned as follows:
"The defendant does not allege contributory negligence on the part of the plaintiff in express terms, but does charge explicitly that the plaintiff's fault, negligence, and recklessness was the sole cause of the accident, and prays that his suit against it be dismissed. This, in our opinion, includes the question of contributory fault, negligence, and recklessness on the part of the plaintiff."
The Fourth Circuit returned to the question in 1930 in Gauvereau v. Checker Cab Co., 14 La.App. 448, 131 So. 590. Citing Giangrosso v. Schweitzer, supra, the Court once again ruled that a plea of sole negligence was insufficient to put contributory negligence at issue. Again, no statement of the reasons underlying the technical rule was included.
The basis for these decisions, however, was fully treated in Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717 (1939), in which Lipscomb v. Standard Highway Co., supra, was rejected as being "... inapposite to the vast weight of recent authority in this State." The court in Althans was impressed with the theoretical inconsistency of the sole negligence and contributory negligence pleas, the one denying the defendants negligence and the other admitting it, at least by implication.
The decision in Althans v. Toye Bros. Yellow Cab Co., supra, received critical *87 comment. See 14 Tul.L.Rev. 306 (1940). In the commentator's view, the holding created an unduly harsh rule, contrary to the liberal system of fact pleading prevailing in Louisiana. He reasoned that a plea that plaintiff's injury was caused solely by his own negligence gave adequate notice of the defense of contributory negligence.
Subsequent decisions, nonetheless, tended to follow the technical rule. This trend continued through Christ v. State, Department of Highways, La.App., 161 So.2d 322 (1964) and Landry v. Yarbrough, La.App., 199 So.2d 377 (1967), sometimes by a divided court.
In Roberts v. Meche, La.App., 204 So.2d 592 (1967), the Third Circuit Court of Appeal took a contrary position. There, the court dealt with a peculiar set of pleadingsone which particularized charges of sole negligence in Article 10 of the answer and made a general reference to contributory negligence in Article 11. Relying upon the liberality of the Louisiana Code of Civil Procedure of 1960, the Court concluded:
"The allegations contained in Article 10 of the answer filed in the instant suit are adequate to give fair notice to plaintiff that defendant is urging the special defense of contributory negligence, and plaintiff thus could not have been taken by surprise when such a defense was urged. We conclude that in that article alone, even in the absence of the additional averments contained in Article 11, the defendant has adequately set forth the special defense of contributory negligence in the instant suit. (Italics ours).
See Work of the Appellate Courts: 1967-1968, 29 La.L.Rev. 283, 284 (1969).
The Louisiana Code of Civil Procedure, rejecting procedural technicalities, adopts the salutary rule of liberal construction of pleadings.
Article 5051 provides:
"The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
Article 865 specifically directs:
"Every pleading shall be so construed as to do substantial justice."
These statutory imperatives plainly require a rule of reason in the construction of pleadings, designed to achieve justice between the parties.
As this Court held in Succession of Smith, 247 La. 921, 175 So.2d 269 (1965):
Harsh rules of pleading are not favored in this state. Each pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice....
"The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they really are, and not for what their authors designate them."
See also Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
Here, the answer charged the plaintiff with negligence and set forth the factual bases for the charge. It is true that the negligence is characterized as sole negligence and the word contributory is not used. The plea, nevertheless, gave the plaintiff fair notice that her own conduct had been called into question by the defense and that evidence would be offered tending to show that she was negligent. Such a plea, in our opinion, fully satisfied the requirement that the answer "set forth affirmatively" contributory negligence. See LSA-C.C.P. Art. 1005.
We hold that such a factual allegation of negligence is adequate as an affirmative plea of contributory negligence. In so holding, we adopt the rationale of Lipscomb v. Standard Highway Co., supra, and Roberts v. Meche, supra. We, of *88 course, reject the several decisions of the Courts of Appeal to the contrary.
On the merits, both lower courts found that the metal rack over which plaintiff fell was well lighted and clearly visible. The courts concluded that plaintiff was negligent in failing to keep a proper lookout and to take reasonable care for own safety.
To put contributory negligence at issue, however, is not to deny recovery. A finding of contributory negligence, as a fact, may be made only within the framework of the mutual rights and obligations of a storeowner and his patrons.
As we suggested in Williams v. Liberty Stores, 148 La. 450, 87 So. 233 (1921), the law recognizes that a storeowner, in the usual course of business, spares neither effort nor expense in getting his customers' eyes on the merchandise, not the floors. Obstructions in the aisles thus create a hazard to the customers' safety.
Here, Mrs. Paxton's description of the aisle in which she fell included the rack over which she tripped. She remembered the rack as containing several shelves displaying white cans with red tops on them. These display shelves were situated above the lower shelf of the wire rack. The important fact here is that the lower shelf jutted some 18 to 24 inches out into the aisle beyond the upper display shelves. This shelf, combined with the brightly colored articles on the shelves above it, created a floor-level obstruction, which could not be easily seen by customers. In our opinion, the extended lower shelf created a trap.
We conclude that the Court of Appeal erred in holding plaintiff guilty of contributory negligence.
In accordance with our usual procedure, this case will be remanded to the Court of Appeal for assessment of damages. See Felt v. Price, 240 La. 966, 126 So.2d 330 (1961).
The judgment of the Court of Appeal is reversed and judgment is rendered in favor of plaintiff, Nora Burns Paxton, and against Ben Ballard, d/b/a Cotton Boll Market, in such sum as may hereinafter be fixed. The case is remanded to the Court of Appeal, Second Circuit, for the assessment of damages. All costs are taxed against defendants.
SUMMERS, Justice (dissenting).
Although I agree with that portion of the opinion holding that the allegations of the petitioner are adequate to support a plea of contributory negligence, I cannot agree that there is an adequate basis in this record to reverse the trial court and Court of Appeal on the pure fact question of contributory negligence. Accordingly, I dissent.
NOTES
[1] The answer recited: "The alleged accident was caused solely and only through the fault and negligence of plaintiff herein in the following and non-exclusive particulars: (a) failing to keep a proper look-out; (b) failing to walk properly; (c) failing to observe a condition which she should have observed.