WILLIAMS, Judge.
This is an action for damages brought by John J. Anders for injuries sustained in an automobile accident occurring in the early morning hours of April IS, 1972. Made defendants are Eagle Motor Lines, Inc. (hereinafter referred to as Eagle), and its insurer, Continental Insurance Company. By answer defendants denied any negligence by their employee and alternatively pled the contributory negligence of Anders. Then as plaintiff in reconvention, Eagle sought judgment against An-ders for damages to its truck. In answer to Eagle’s reconventional demand Anders filed a general denial and reiterated by reference to his petition allegations of negligence by Eagle’s employee.
From a judgment in favor of Anders and against Eagle and its insurer, defendants appealed. Anders did not answer this appeal.
The stipulation by counsel and the evidence at the trial developed the following facts. On the morning of April 15, 1972 Anders was driving his 1966 Plymouth automobile on 1-20 in Ouachita Parish, Louisiana, approximately 6.2 miles west of Monroe. It was approximately 5:15 A.M. and dark enough to require lights on the vehicles. 1-20 is a four-lane highway with two lanes for eastbound traffic and two lanes for westbound traffic. Anders was driving his car on the inside lane of the two lanes for eastbound traffic and was searching for a place to cross the grass-covered median between the east and westbound traffic lanes. His purpose was to reach the westbound lane to return in that direction. Anders stated he was traveling at a very slow speed of not less than five miles nor more than ten miles per hour with his lights on. His vehicle was being driven at an angle off the north side of the main inside eastbound lane with only the rear portion of his car extending about three feet into the north side of the inside lane and the remaining part of his car on the asphalt adjacent to the lane. Anders denied being aware at any time of approaching traffic. He had an early fishing date and believed he had overrun the point where he was to meet his associate. He was seeking a way to transfer from one directional traffic lane to the other, and stated when he was struck from the rear he was searching for a note paper in his billfold on which directions had been written to reach the meeting place.
At approximately the same time there were two vehicles approaching traveling easterly on 1-20 toward Anders. On the outside lane of 1-20 a White Freightliner tractor-trailer, measuring about fifty feet in overall length was being driven by David Ralph Brasfield. He testified his speed was about 55 miles per hour and at this time a truck, later identified as a 1970 White two and one-half ton. truck owned by defendant, Eagle, was following him. Prior to reaching the point of the accident the driver of the 1970 White truck entered the inside traffic lane and began a passing maneuver of the truck-trailer. Brasfield testified the 1970 White truck was traveling just a few miles per hour faster than his vehicle and estimated its speed at 58 miles per hour. This resulted in the 1970 White truck slowly overtaking the truck-tractor unit. Brasfield testified the 1970 White truck was parallel with his unit when he first observed the lights on the Anders car. He estimated this point to be between 200 and 250 feet from the Anders car and was of the opinion Anders’ car was parked. Brasfield began steering his truck-trailer to the right onto the emergency parking lane, but stated this pull-off was done almost even with Anders’ car. The 1970 White truck driven by Robert E. Dunham, continued in its inside lane and a collision took place between the truck and the right rear of Anders’ car, resulting in injuries to *857 Anders and damages to his car and Eagle’s truck. Dunham, driver of the Eagle truck, did not testify at the trial.
On appeal Eagle contends the trial court erred in failing to find: (1) Anders guilty of negligence which was the sole proximate cause of the accident; (2) alternatively, Anders was guilty of contributory negligence which would preclude his recovery on the primary demand; (3) the doctrine of the last clear chance was not available to Anders, and (4) An-ders’ failure, as defendant in reconvention, to plead the affirmative defense of contributory negligence precludes his reliance upon that doctrine in defense of the recon-ventional demand by Eagle.
Appellant’s fourth contention as to the failure of Anders, as defendant in re-convention, to plead the affirmative defense of contributory negligence is without merit. In Anders’ answer as defendant in reconvention, Article 4 states: “Further answering the demands of plaintiff in re-convention, respondent re-affirms and reiterates the allegations contained in paragraphs 1-13 of his petition for damages previously filed herein, by reference.”
In his original petition Anders alleged the accident was due solely to the negligence of Eagle’s truck driver, which acts he itemized. The Louisiana Supreme Court in Paxton v. Ballard, 289 So.2d 85 (decided January 14, 1974) held pleading in this manner would give fair' notice to plaintiff (here plaintiff in reconvention) that the conduct of its employee had been called into question by the defense and evidence would be offered tending to show such negligence satisfied the requirement that the answer “set forth affirmatively” contributory negligence.
Anders admitted his car was moving at a very slow speed on an interstate highway. Blasfield testified he thought Anders’ car was parked. Anders’ action was in violation of LSA-R.S. 32:64(B) which states:
“Except when a special hazard exists that requires lower speed for compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic.”
Accepting Anders’ statement that his car was moving five to ten miles per hour, we find this is in violation of LSA-R.S. 32:64(B). We stated in Fairbanks v. Travelers Insurance Company, 232 So.2d 323 (2d Cir. 1970) in interpreting this statute:
“We are of the opinion that our Legislature, by adoption of LSA-R.S. 32:64(B) has recognized that it is just as inherently dangerous for a vehicle to move at an unreasonably slow speed on the highways as it is to travel at an excessive speed. Either of these factors can be a contributing cause to an accident. The so-called ‘slow speed’ statute is a protective statute having the same purpose and intent as the section of the Highway Regulatory Act prohibiting the stopping or parking of a vehicle on the paved portion of a highway. The jurisprudence has held that the obstruction of a highway is negligence per se, and if it is a cause in fact of an accident, it is actionable negligence. . . . ” [232 So.2d 323, 327]
The trial court found Eagle’s driver’s negligence was the proximate cause of the accident, and also stated appellant’s driver had the last clear chance to avoid the accident. This court is not in agreement with these conclusions.
Anders testified he was looking for a point to drive across the grass median between the traffic lanes, and at the same time was looking in his billfold for some written instructions. He does not explain how he planned to do this in the dark while his car was moving. At this moment his car was struck from the rear. On this basis Anders contends his attention was di *858 verted, and with his admitted defective hearing, he failed to see or hear the approaching two large trucks. His admission of inattention is evidence of another act of negligence which continued down to the actual collision. Regardless of such action, Anders contends appellants’ driver could have avoided the collision had he been attentive to his duty to see Anders in a place of peril. It was Anders’ obligation to prove appellants’ driver was inattentive and that this was the cause of the collision. The evidence of this driver’s action is only given by the witness Blasfield and the physical facts reflected in the Trooper’s report. We are able to determine by the facts that appellants’ driver was lawfully attempting to pass another vehicle, a tractor-trailer about SO feet long. At about this time Anders’ vehicle is seen by the driver of the tractor-trailer unit about 200 to 250 feet ahead. The driver of this unit was unable to drive onto the right emergency strip until even with the Anders car. Blasfield testified his vehicle could not have been slowed to a stop before reaching a point opposite the Anders car. He further stated his vehicle could be brought to a stop sooner than the truck driven by appellants’ driver because of his heavy load and more braking area.
We find Anders has not sustained the burden of proof to show appellants' driver was inattentive or showed any negligent act by Eagle’s driver which caused the collision with Anders’ car. Eagle’s driver was operating a truck at a lawful rate of speed in his proper lane of traffic. Had the Anders vehicle been seen by him the testimony of Blasfield shows it would not have been possible to stop the truck before reaching Anders’ car. Eagle’s truck was traveling parallel with the tractor-trailer unit and was faced with partial blocking of his lane of traffic. The action of Eagle’s driver was actually the best he could undertake when confronted by this emergency. Had he veered either left or right or fully applied his brakes, the probability of more serious damages or injuries would have increased. Anders contends if Eagle’s driver had acted differently the accident would not have occurred. In Upton v. Bell Cabs, Inc., 154 So. 359 (Orl.App., 1934) the court stated:
“There is also a rule of law that, if one is confronted with a sudden emergency which is not in any way brought about by his negligence, he is not liable even if it is subsequently shown that by acting differently under the circumstances the accident would have been avoided.
This court now holds this accident and collision was due solely to Anders’ negligence. Appellant Eagle claims damages to its tractor due to the collision. At the trial cost of repairs to Eagle’s truck was stipulated at $1,012.83. Eagle Motor Lines, Inc. is entitled to a judgment against Anders in this amount.
Accordingly, the judgment of the trial court is reversed and rendered as follows:
It is ordered, adjudged and decreed there be judgment in favor of defendants, Eagle Motor Lines, Inc. and Continental Insurance Company against plaintiff, John J. Anders, rejecting the demands of plaintiff at his costs.
It is further ordered, adjudged and decreed there be judgment on the reconven-tional demand in favor of plaintiff in re-convention, Eagle Motor Lines, Inc., and against defendant in reconvention, John J. Anders, in the full sum of $1,012.83, with legal interest from date of judicial demand until paid, and for all costs.
Appellee is assessed with costs of this appeal.
Reversed and rendered.