SARTAIN, Judge.
This is a suit for damages sustained by plaintiff as a result of the alleged negligence of defendant in the operation of his motor vehicle. The trial judge ruled in favor of defendant and we affirm for the following reasons.
The testimony shows that on or about September 25, 1971 plaintiff, defendant and defendant’s grandson traveled in defendant’s pickup truck toward a camp located near the Pearl River. It was their intention to make minor repairs on the camp and to build a table for the camp with boards defendant carried in the bed of the truck.
In route to the camp, the truck became stuck in a water covered area. ' After several unsuccessful attempts to drive the truck from its position, defendant placed some of the boards from the truck’s bed beneath the tires. Plaintiff went to the back of the truck and began to push as defendant attempted to drive the truck up on the boards. The tires spun causing one of the boards to spring from beneath the truck and strike the plaintiff. As a result of this incident, plaintiff sustained a broken leg.
There is some discrepancy in the testimony with respect to plaintiff’s awareness of the circumstances of the boards beneath the tires. Plaintiff testified that he didn’t help place the boards but remained in the truck. Defendant claims that he at least discussed with plaintiff the idea of using the boards to free themselves. In any event, the trial judge in written reasons found as a matter of fact that plaintiff was at least aware of the presence of the boards underneath the tires, and we find no manifest error in this determination.
*927 The testimony further shows that plaintiff, a man in his seventies, was also aware of the manner in which a truck must be operated under circumstances such as these in order to free it. The testimony does not indicate that defendant deviated from this same manner of operation of which plaintiff was aware, or operated the truck in an unreasonable manner.
We conclude, as did the trial judge, that plaintiff assumed the risk of incurring the injury for which he now seeks retribution. With knowledge of the manner in which a truck must be operated under these circumstances, and further aware of the planks placed beneath the tires, plaintiff voluntarily put himself in position behind the truck. We feel that as a result of this knowing and willful action on the part of plaintiff in placing himself in a position of obvious danger, he assumed the risk of the very injuries which ultimately occurred.
We find no merit to plaintiff’s contention that the defense of assumption of risk was not affirmatively set forth pursuant to C.C.P. Art. 1005. Defendants’ petition clearly states in paragraph four, “The injuries plaintiff suffered were caused solely by his own negligence in placing himself directly behind the truck in the position so that the board would hit his leg when the car moved.” We feel this language sufficed to place plaintiff on notice that his own conduct would be called into question. See also Paxton v. Ballard, 289 So.2d 85 (Sup.Ct., 1974).
For the above and foregoing reasons, the decision of the trial court is affirmed with all costs to be borne by plaintiff.
Affirmed.