LEMMON, Judge
(concurring).
Both the trial court and this court found as a fact that Lyle Landry moved from behind a parked car into the path of the David Barreca vehicle. There was a dispute in the testimony as to whether Lyle had entered the street from the sidewalk or had been riding in the street for some distance before reaching the parked car; it was undisputed, however, that the impact occurred in the middle of the street, a fact borne out by the location of the skid marks and of the damage to the front of the car, as well as undisputed testimony.
David was properly found negligent because he saw Lyle in his path a considera *596 ble distance away (as proved by his 60 feet of skid marks, plus the distance traveled during reaction time, prior to impact), but was unable to stop in time because of his excessive speed. Less apparent, however, is the issue of contributory negligence.
Under the duty-risk approach to tort liability, Lyle’s being in the middle of the street in David’s path was a cause-in-fact of the accident. If he had not been in that position (either from entering the street behind the parked car or from riding along and moving to the middle to pass the parked car), the accident would not have occurred. The finding that the motorist’s conduct was a cause of the accident does not bar a finding that Lyle’s conduct was a concurrent cause.
I vote to grant recovery, however, because the 914-year old boy’s act of riding a bicycle in the middle of the street, while a cause-in-fact of the accident, (1) was not such significantly substandard behavior that he should “be considered contributorily negligent so that he is barred from recovering civil damages under the totality of the circumstances . ’’,[1] especially when measured by the standard of self-care expected of a child of his age, intelligence and experience,[2] and (2) was among the very risks at which defendant’s duty was aimed.[3]
As to the first point, it is not significant substandard behavior for a nine-year old child to ride a bicycle in the middle of the street while passing a parked car in a residential neighborhood where cars do not travel at high speeds.
As to the second point, a major purpose of imposing a low speed limit in a residential neighborhood is to protect youngsters who are learning to ride bicycles or who are playing in or near the streets. A motorist traveling at a low speed can prevent an accident when confronted with a young cyclist or pedestrian in his path, unless the youngster darts out completely without notice. The motorist has the duty to drive slowly in reasonable anticipation of such reasonably expected occurrences. When the exact risk occurs and the motorist has violated his duty to drive slowly in anticipation of that risk, the legal cause of the accident is the motorist (if he could have avoided the accident while traveling at a reasonable or legal speed).

. Laird v. Travelers Ins. Co., 263 La. 199, 267 So.2d 714 (1972).

. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958).

. Paxton v. Ballard, 289 So.2d 85 (La.1974); Kelly v. Messina, 318 So.2d 74 (La.App. 4th Cir. 1975).