CHIASSON, Judge
(dissenting).
The majority of the Court in this case found negligence on the part of the defendants. With this finding I concur. However, I must respectfully dissent from that portion of the opinion of the majority which finds Mrs. Stagg contributorily negligent.
The Trial Court found, and the majority of this Court agreed, that Mrs. Stagg’s injuries occurred when she collided with the handle of the flat-bed cart. An examination of the evidence indicates that this finding is manifestly erroneous.
At the time of the accident the cart was located between Mrs. Stagg and Mrs. Jones with the long (4') axis of the cart parallel to the side of the aisle. Mrs. Jones testified (T-84) that the handle was at the end of the cart nearest to herself. Mrs. Jones’ testimony is supported by her statement in her deposition (Joint-5, pg. 32) and the statements of John Earl Thompson, manager of the store, in his deposition. (Joint-7, pg. 15 and Exhibit 2). There is absolutely no evidence in the record which places the end of the cart with the handle nearest Mrs. Stagg.
The evidence also establishes that after her fall, Mrs. Stagg lay with her head toward the handle of the cart and her feet away. (T-85; T-163; Joint-7, pg. 8, 15, 26, Exhibit 2). Had Mrs. Stagg’s fall resulted from a collision with the handle her body would have come to rest in a different position. Mrs. Stagg could have landed the way she did only if she tripped over the end of the cart without the handle.
The conclusion that Mrs. Stagg tripped over the end of the cart without the handle is supported by the pattern of injury to her body. She had bruises on her shins eight inches to ten inches above the floor. (T-154). The top of the cart bed is nine and one-half inches from the floor. (Joint-4). Mrs. Stagg’s other injuries were to her face, left arm, shoulder and hand. (T-12). Such injuries would not result from walking into the handle of the cart; they would result only if she fell and struck the handle or bed of the cart.
It should also be noted that the handle of the cart is over three feet high and at the top curves away from the bed of the cart. (Joint-4, P-4). An obstacle nine and one-half inches high is much more likely to trip someone than an obstacle three feet high.
The only evidence which might possibly support the conclusion that Mrs. Stagg walked into the handle is her testimony that the first blow she remembered was one to her arm. (T-215, T.G. & Y.-l, pg. 36). However, since the blow was above her elbow (T-215) it could only have occurred after she had started to fall. An examination of the testimony indicates that Mrs. Stagg did not know what part of the cart caused her to fall. (T.G. & Y.-l, pg. 57).
The accident in the present case occurred when Mrs. Stagg, who was examining merchandise on the shelf, turned, took one or two steps and tripped over the cart which had been left in the aisle. As has been shown above Mrs. Stagg did not collide with the handle of the cart. Rather, she tripped *367 over an obstacle nine and one-half inches high and located one to three feet from where she was examining merchandise. The handle located five to seven feet from her would not be notice to her that there was an obstacle at her feet, nine and one-half inches from the floor. I am of the opinion that the flat bed in the aisle created a trap. Therefore, the holdings in Paxton v. Ballard, La., 289 So. 2d 85 (1974) and Robnett v. Great American Insurance Co. of New York, 187 So.2d 152 (2nd La.App. 1966), cited by the majority, apply in this ease and Mrs. Stagg was not contributorily negligent.
For these reasons, I respectfully dissent.