LANDRY, Judge.
This appeal by defendants, Alfred L. and Sandra Gill and their insurer American International Insurance Company (Appel *701 lants), is from judgment awarding plaintiffs, Joseph and Lucy Vincent, special damages in excess of the amount prayed for. The action arises out of an automobile collision in which an automobile being operated by Lucy Vincent was rear-ended by a vehicle belonging to defendant Alfred L. Gill and being operated by defendant Sandra Gill. Liability for the accident is conceded. The award for general damages is uncontested. The sole issue on appeal is the propriety of an award for special damages in excess of the amount prayed for.
This matter was originally heard before a three judge panel of this court, of which two members favored reversal with one dissent. This necessitated a hearing before a panel of at least five judges. La.Const. 1974, Article 5, Section 8(B). We elected-to hear the matter en banc.
During trial plaintiffs offered evidence of special damages, namely, alleged lost earnings and medical expenses not specifically pleaded. Defendants objected on the ground that such evidence enlarged the pleadings. Plaintiffs then requested “an instanter of the pleadings to conform with the facts as they’re developing.” The court elected to rule later on the objection. Plaintiffs then offered evidence of special damages exceeding the amounts claimed in their original petition, defendants renewing their objection to this offer. No ruling by the trial court was made on defendants’ objection. No amendment to plaintiffs’ petition was filed in the trial court. Judgment was rendered in favor of plaintiffs for special damages in excess of those pleaded.
Since the appeal has been lodged in this court, plaintiffs have moved for a remand to the trial court for the filing of the requested amendment to their petition.
We are aware that La.C.C.P. 861 requires that items of special damages shall be specifically alleged.
We also note La.C.C.P. Article 5051 which mandates a liberal construction of procedural rules and their interpretation in light of the principle that such rules are not an end in themselves, but are merely implements of substantive law. Also pertinent are the provisions of La.C.C.P. Article 865 which declares that pleadings shall be construed so as to do substantial justice between the parties. See also Paxton v. Ballard, 289 So.2d 85 (La.1974).
Under the circumstances peculiar to this case, we find that the interests of justice demand a remand to allow plaintiffs opportunity to file a written amended pleading and to permit Appellants opportunity to oppose the increased demand if defendants so wish.
Accordingly, the trial court’s award of special damages rendered herein is reversed and set aside and this matter is remanded to the trial court with instructions to permit plaintiffs’ filing an appropriate amendment of pleadings and to afford defendants full opportunity to oppose such items of special damages as Appellants shall deem necessary or requisite; all costs of this appeal to be paid by plaintiffs.
AMENDED AND REMANDED.