ELLIS, Judge:
This suit, styled “Petition for Possession of Premises”, is brought by Willie Cain, Sr. and Easter S. Cain, against GoldKing Prop *1365 erties Company, asking that defendant be ordered to vacate plaintiffs’ property, and that, if defendant fails to comply with this order within 24 hours, a writ of possession issue to eject the defendant from the premises. Trial was had on the merits, and judgment was rendered as prayed for, ordering the eviction of defendant. From that judgment, defendant has appealed.
The record reveals that as of July 19, 1979, plaintiffs had signed a mineral lease, on four acres of land owned by them, with Stack Oil Corporation as lessee. This lease provided that no surface operations could be carried out on plaintiffs’ property without their special permission. The lease was subsequently assigned by Stack to defendant GoldKing. Thereafter, plaintiffs entered into an agreement with GoldKing waiving all surface restrictions contained in the original lease, and allowing defendant to drill on the property. Apparently, a well was drilled on plaintiffs’ property thereafter, but no production was drawn therefrom.
On November 5, 1979, plaintiffs and defendant entered into a surface lease by virtue of which defendant was granted the right to drill a well on the site of the first well drill, to be bottomed on property not owned by plaintiffs. That lease contains the following provisions:
“Lessor and Lessee do hereby agree as follows:
“1. In consideration of the sum of ONE THOUSAND EIGHT HUNDRED AND NO/lOO ($1,800.00) DOLLARS, cash, Lessee shall have the right for a period of one (1) year to utilize the property covered by the Subject Lease for use as a surface location for a rig and related facilities, including production facilities, in connection with Lessee’s operations thereon for the purpose of drilling a directional well to be bottomed on property not owned by Lessor;
“2. Lessee shall have the right to utilize the tract on which the rig is presently situated which was used in drilling the GoldKing-Willie Cain Well No. 1 as a surface location for the purpose of drilling a directional well to be bottomed on property not owned by Lessor and also in connection therewith, to locate production and transportation facilities only to the extent necessary to treat and market any production that may be obtained from said well;
“3. Lessee agrees to pay Lessor for so long as Lessee needs the surface location, the sum of ONE HUNDRED FIFTY AND NO/100 ($150.00) DOLLARS per month, payable semi-annually in advance, the first payment to be due one (1) year from the effective date hereof.
“3. This agreement shall terminate six (6) months after Lessee no longer needs the surface location or the facilities to be located on the tract herein leased and upon request, Lessee shall execute an agreement formerly terminating and revoking this agreement.”
From allegations contained in defendant’s brief, but not substantiated by the record, we learn that the second well was drilled and production obtained. As a result, a drilling and production unit was created by the Commissioner of Conservation on June 10, 1980, which contains a portion of plaintiffs’ property.
On October 1, 1980, defendant sent a check for $900.00 to plaintiffs, covering six months’ rental under the surface lease for the period beginning November 5, 1980. On October 28, 1980, plaintiffs’ attorney returned the check, advised defendant that the lease had expired, and demanded that defendant vacate the leased property by midnight November 30, 1980.
This suit was filed on December 11,1980, and the petition described the property and the lease as follows:
“Said property is also located at a street address in East Baton Rouge Parish known as Route 3, Box 612 Pecue Lane, Baton Rouge, Louisiana, and was leased to said defendant by an instrument dated September 20, 1978, effective as of July 19, 1979, recorded in the conveyance records of East Baton Rouge Parish, Louisiana, in Original 772, Bundle 9290, for a period of one year to utilize the property for use as a surface location for a rig and related facilities, including production facilities, in connection with defendant’s operations thereon for the purpose of drill *1366 ing a directional well to be bottomed on property not owned petitioner, for a sum of Eighteen Hundred ($1,800.00) Dollars.”
Defendant filed answer, alleging that it had a right to utilize the surface of plaintiffs’ property without restriction by virtue of the original mineral lease and the amendment thereto removing the surface restrictions.
Trial was then held on the merits, and judgment was rendered in favor of plaintiffs ordering defendant to vacate the premises. From that judgment, defendant has appealed.
In the trial court, defendant objected to the introduction into evidence of the surface lease, on the ground that by date and recordation data, plaintiffs had described the original mineral lease, and that the surface lease was therefore not at issue. The trial judge permitted the introduction into evidence of the surface lease, and defendant now assigns error to that ruling. It is further contended that the trial court erred in finding that the surface lease had expired, and that, in any event, defendant is entitled to drill on plaintiffs’ property under the original mineral lease as amended.
We find no merit in the first assignment of error. Although the date and the recordation information given is that of the original mineral lease, the description of the document which follows makes it clear that the surface lease is the instrument referred to. We do not believe that defendant was surprised or prejudiced in any way by the inconsistency of the allegations. Under the liberal rule relative to interpretation of pleadings which pertains in this state, we find no error in admitting the surface lease into evidence. Articles 865, 5051, Code of Civil Procedure; Paxton v. Ballard, 289 So.2d 85 (La.1974).
Although the surface lease is not well drafted, we think it is clear that it was for a primary term of one year, and that the lessee, GoldKing, was granted the right to extend the term of the lease, six months at a time, by payment of $150.00 per month, semi-annually in advance. The term of the lease is “so long as Lessee needs the surface location” and the lease terminates six months after “Lessee no longer needs the surface location or the facilities to be located on the tract. . . . ” The trial judge found that the latter provisions created a lease in perpetuity, and he therefore restricted the term of the lease to the primary term of one year.
Article 2674 of the Civil Code provides as follows:
“To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other binds himself to pay him.”
This article has been interpreted so as to prohibit leases in perpetuity, but not to require that leases be for a specific term. Leases which have stipulated to continue during the existence of a condition have been held valid. Poole v. Winwell, Inc., 381 So.2d 926 (La.App. 3rd Cir. 1980). In the Poole case, for instance, a surface lease for “so long as oil, gas and other minerals are being produced” was held valid.
In this case, the only reasonable interpretation to be placed on the language fixing the term is “so long as Lessee needs the location to produce, treat and market the production from the well drilled thereon.” This is a condition, the existence of which may be easily determined, and which is not entirely dependent on the will of either party.
The record reflects GoldKing’s present “need” for the location, and that the lease money was timely tendered to plaintiffs. We therefore find that the lease remains in effect and that plaintiffs are not entitled to the relief sought.
The judgment appealed from is therefore reversed and set aside, and there will be judgment in favor of defendant dismissing plaintiffs’ suit at plaintiffs’ cost.
REVERSED AND RENDERED.