347 So.2d 70 (1977)
James GREER, Plaintiff-Appellant,
v.
CONTINENTAL CASUALTY COMPANY et al., Defendant-Appellee.
No. 13256.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
James D. Sparks, Monroe, for plaintiff-appellant.
Hudson, Potts & Bernstein, by Ben R. Hanchey, Monroe, for defendant-appellee, Continental Casualty Co.
Madison, Files, Garrett, Brandon & Hamaker by Charles L. Hamaker, Monroe, for defendant-appellee, International Paper Co.
Before HALL, MARVIN and JONES, JJ.
MARVIN, Judge.
L.R.S. 22:211-222 provides for group or blanket health and accident insurance for employees. Plaintiff's demands arising from such a policy were dismissed on an exception of prescription and on motions for summary judgment of his employer and the group insurer. We reverse and remand.
From 1955 until his disability retirement in 1973, plaintiff was an employee of defendant, *71 International Paper Company (IPCO). IPCO purchased from the defendant insurer a group policy in 1964 and offered to pay part of the premium for any employee who desired to participate in the group plan and who would pay the remaining part of the premium. Plaintiff elected to participate and contributed his part of the premium. This policy provided disability benefits based on a formula which would allow deduction of social security disability benefits received by the employee. Plaintiff was given a certificate which evidenced his participation in the plan under the master policy.
This policy was cancellable at the option of either the insurer or IPCO on an annual term. The 1964 policy was modified as to coverages and benefits several times by agreement between IPCO and the insurer during its initial and its renewal terms until it was mutually terminated by IPCO and the insurer, and replaced on January 1, 1968, with a new policy. Under the 1968 policy, IPCO's employees were not required to contribute to the premium in order to participate. All employees participated and the entire premium was paid by IPCO. The 1968 policy provided disability benefits based on a formula which would allow deductions not only of social security benefits received by the employee, but as well, social security benefits received by the employee's family because of the employee's disability. This suit arises because the disability benefits for the employee under the new policy are subject to the increased deduction. This results in the monthly benefit being $300 less than the monthly benefit provided by the old policy.
When the 1968 policy was written, the insurer delivered to IPCO participation certificates for presentation to IPCO employees. A serious factual issue exists as to whether IPCO presented a new certificate to plaintiff and its other employees. One IPCO representative testified that IPCO was using the old policy certificates and policy as late as September 15, 1973, when plaintiff filed his claim for disability benefits under the old policy. The discrepancy in the certificates came to light after plaintiff filed his claim.[1] After plaintiff's claim under the old policy was denied, and plaintiff contacted the office of the Louisiana Insurance Commissioner on March 1, 1974, and received a response thereto on March 22, 1974. Plaintiff filed suit on March 13, 1975, against IPCO and the insurer, alleging alternative causes of action.
Plaintiff contends both defendants are solidarily liable for the benefits or an amount equal to the benefits provided by the old policy since he was not notified by defendants of the cancellation of the old policy and the substitution of the new policy with reduced benefits.
L.R.S. 22:215(A)(3)(g) provides:
"An individual application shall not be required from a person covered under such a blanket policy. The insurer shall furnish to the policyholder [IPCO here] for delivery to the insured [plaintiff here] a certificate of insurance which shall disclose the benefits, limitations, exclusions, and reductions contained in the policy and . . . any other relevant information, including the name and address of the insurer . . ." Material in brackets and emphasis supplied.
The defendant insurer contends that the policy under which the plaintiff sues went out of existence on January 1, 1968. The insurer delivered certificates to the corporate headquarters of IPCO as required by the policy and by law. The trial court sustained the insurer's motion for summary judgment in this language:
"The court finds no statutory or jurisprudential authority, nor has it been cited to any which obligated the insurer to notify plaintiff directly of the termination of the old policy and/or the issuance of the new policy. By law and by contract its direct relationship was with [IPCO] who was the policyholder and to whom the insurer fulfilled all obligations. There are no material facts in dispute relating to plaintiff's contractual claim against insurer *72 on the old policy and as yet no claim presented under the new policy."
IPCO contends it owed no obligation to notify its employees of any modification or termination of benefits under a group plan. We do not agree.
L.R.S. 22:215, quoted supra, in part, since Act of 1966, clearly requires that the insurer furnish to the policyholder-employer a certificate for delivery to the insured-employee. This certificate is required to disclose the benefits, limitations, exclusions and reductions contained in the master policy. The purpose of this law is to provide the insured-employee with information concerning the coverage or the lack of coverage afforded. Colvin v. La. Hospital Services, 321 So.2d 416 (La.App.2d Cir. 1975). Once the insured employee is made aware of the coverage afforded him, he can more intelligently decide on what additional insurance coverage if any, his individual circumstances may warrant.
The policy itself contemplates such disclosure to the insured employee in Part VII:
"The Company will issue to the Employer for delivery to each Insured Employee an individual certificate describing the benefits to which the Insured Employee is entitled under this policy and to whom payable and limitations and requirements of this policy pertaining to the Insured Employee and where this policy may be inspected."
Plaintiff's affidavit in opposition to IPCO's motion for summary judgment emphatically denies any notification by IPCO and other knowledge of the cancellation of the old policy and substitution of the new. IPCO's personnel director, under whose supervision this responsibility was placed by IPCO, could not say whether plaintiff or other employees had been furnished the requisite certificate under the new policy.
We do not hold that an employer-policyholder has no right to terminate or modify a group health and accident policy it has purchased for its employees. See Annotation: "Group PolicyTermination," 68 A.L. R.2d 251, as supplemented; Austin v. Metropolitan Life Insurance Company, 142 So. 337 (La.App.2d Cir. 1932); Carpenter v. Metropolitan Life Insurance Company, 159 So. 467 (La.App.Orl.Cir.1935), 182 La. 813, 162 So. 630 (1935); Watkins v. Metropolitan Life Insurance Co., 174 So. 885 (La.App.1st Cir. 1937). We hold that an employer policyholder of a group health and accident policy is obligated to inform the insured employee of the termination or modification of benefits under the policy.
The lower court interpreted plaintiff's alternative allegations against IPCO with respect to the obligation above mentioned to sound in tort and held plaintiff's claim of whatever character, to have prescribed because of plaintiff's failure to bring suit within one year of his acquiring knowledge that the benefits had been reduced in the new policy. C.C. Art. 3536.
We abandoned the theory of the case pleading and in recent years have liberally construed our procedural laws to allow consideration of any cause of action or defense, even if not properly labeled or prayed for, if the pleadings, taken as a whole, contain sufficient factual allegations to afford fair notice to the adverse party of the relief sought. See C.C.P. 862; Terral v. Bearden, 338 So.2d 141 (La.App.2d Cir. 1976) and cases cited therein. Plaintiff's allegations fairly, and clearly inform IPCO of the alleged factual basis upon which plaintiff seeks relief and we find that IPCO has not been deprived of fair and timely notice of plaintiff's cause or causes of action.
We cannot say that IPCO's breach of the obligation to notify plaintiff of the benefits, limitations, exclusions and deductions of the group policy is solely an offense or quasi-offense prescribed by one year. C.C. Art. 3536. Plaintiff was damaged by IPCO's conduct arising out of a contractual or quasi-contractual relationship, the extent of which we choose not to determine from the existing record before trial. Plaintiff's relationship with the defendant insurer was established and modified by IPCO. IPCO was contractually or quasi-contractually related both to plaintiff (as the employer) and *73 to the defendant insurer (as its policyholder and perhaps as its agent). Were it not for the existence of the group insurance contract or contracts, plaintiff would have no cause of action against either defendant and we are satisfied that plaintiff's claim is in the nature of a personal action prescribed by 10 years. C.C. Art. 3544; Dean v. Hercules, Incorporated, 328 So.2d 69 (La.1976); Terry v. Slidell Refrigerating & Heating Inc., 271 So.2d 536 (La.App.1st Cir. 1972); Dantagnan v. I.L.A. Local 1418, AFL-CIO, 496 F.2d 400 (5th Cir. 1974); State ex rel. Murray v. Board of Tr. of Police Pen. F., 259 So.2d 613 (La.App.4th Cir. 1972).
To what degree these relationships may affect plaintiff's remedy as against either defendant can be determined only after evidence is presented as to the extent of each relationship. The motions for summary judgment and the exception of prescription were erroneously granted. We reverse the lower court in this respect at the cost of appellees and, for proceedings not inconsistent herewith, remand to the lower court.
REVERSED and REMANDED.
NOTES
[1] The old policy number was SR 193709. The new policy number was SR 193709-A.