FORET, Judge.
Plaintiffs, Hadley J. Vizinat and his wife, Sally Vidrine Vizinat, brought this action for unjust enrichment to recover rent al *264 legedly due them from defendants, Donald Reed and Mae Young Reed. Trial of this action resulted in a judgment in favor of plaintiffs and against defendants, who bring this appeal. Defendants present the following issues:
(1) Whether the trial court was manifestly erroneous in finding that plaintiffs proved their case by a preponderance of the evidence;
(2) Whether the civil law action for unjust enrichment was available to plaintiffs;
(3) Whether the trial court erred in refusing to award defendants damages in the amount of $2,819.76 asked for in their reconventional demand.
FACTS
The undisputed facts show that in October of 1971, plaintiffs entered into a verbal agreement with defendants for the sale of a house located in Mamou, Louisiana, belonging to plaintiffs. Defendants agreed to purchase the house for $25,500.00 and moved into the house shortly thereafter. Defendants continued to live in the house for approximately 42 months without paying rent. The parties never entered into a written contract of sale.
Plaintiffs filed a rule to show cause on March 21, 1975, seeking to have defendants evicted from the house and to regain possession thereof. Plaintiffs filed a “Petition for Quantum Meruit” in the same proceedings on May 5,1975, alleging that they were entitled to recover the sum of $9,300.00 from defendants as rent for the period of time that defendants occupied the house. Defendants filed an answer and reconven-tional demand denying plaintiffs’ allegations and seeking to recover $15,000.00 for damages allegedly sustained by them as a result of plaintiffs’ actions.
Defendant, Donald Reed, subsequently died and his children, Donna Mae Reed Deshotel, Christine Reed Hundley and Stephanie Reed Deshotel, were substituted as defendants. The trial court rendered judgment in favor of plaintiffs for $8,400.00 on the main demand and in favor of defendants for $371.76 on their reconventional demand.
PLAINTIFFS’ PROOF
The trial court found that plaintiffs in the main demand proved their case by a preponderance of the evidence, and that they are entitled to recover from defendants rental value in the amount of $200 for 42 months, or $8400.00. Defendants contend that this finding is manifestly erroneous.
Defendant, Mae Young Reed, admitted that she and Donald Reed moved into the home in October, 1971, and lived in it until May, 1975. She also admitted that they never paid plaintiffs anything for occupying the house during this entire period of time. Hasker Garland was accepted by the court as an expert in the fields of home construction, appraisal, and valuing of homes for rental purposes. He testified that a home such as the one occupied by defendants would have had a rental value of between $200 and $225 per month during the time that it was occupied by them.
Our review of the record establishes that the finding of the trial court that plaintiffs had proved their case and were entitled to recover $8400 from defendants is not clearly wrong.
CIVIL LAW ACTION FOR UNJUST ENRICHMENT
Defendants cite the decision of the court in Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), which sets forth the different elements of the civil law action de in rem verso, or unjust enrichment. Minyard stated, on page 432 that:
“There are now five prerequisites to the successful suit by actio de in rem verso: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of “justification” or “cause” for the enrichment and impoverishment, and finally (5) the action will only be allowed when *265 there is no other remedy at law, i. e., the action is subsidiary or corrective in nature.”
Defendants contend that plaintiffs have failed to prove that the civil law action for unjust enrichment is available to them. We disagree. We find that defendants’ occupation of the home for a period of 42 months without paying rent constitutes an enrichment to them. We also find that the deprivation of use of that home to plaintiffs because of that occupation constitutes an impoverishment of them. The connection between the enrichment and the impoverishment is obvious.
Defendants argue that plaintiffs failed to prove an absence of justification or cause for the enrichment and impoverishment. Defendants contend that they were justified in occupying the home without paying rent because of plaintiffs’ failure to enter into a contract of sale with them despite their repeated request to do so. However, Mae Reed testified that she and her husband refused to enter into an agreement with plaintiffs until the house was completed and certain defects remedied. She also testified that she knew of no attempts made by her husband to secure a loan to purchase the home. However, she believed that they would have had no problems obtaining the money from either a bank or her father-in-law.
Plaintiff, Hadley J. Vizinat, testified that he first discussed the sale of the home with defendants before it was completed. Items such as a bar and driveway were added pursuant to requests made by defendants. He allowed defendants to move into the home because he was eager to sell it. He also knew that defendants owned another home, which they planned to sell, and that they would use the proceeds from the sale as a down payment.
Vizinat spoke with Donald Reed some time after that, though he couldn’t remember exactly when. He testified that Donald Reed told him that they would close the deal as soon as his father sold some land and gave a portion of the money to him. Subsequently, Vizinat learned that Donald Reed had lost his job and was unemployed. Because of this, he did not press defendants to go ahead with the sale. Vizinat talked with Donald Reed for the last time approximately three to five months before defendants were evicted. He stated that Donald Reed again told him that he would soon be ready to complete the sale.
We find that plaintiffs have proven the absence of any justification for defendants’ enrichment or for their own impoverishment. Finally, defendants make no argument that plaintiffs have any other remedy at law available to them, and we find that none exists. Thus, we conclude that all of the elements necessary to maintain the civil law action for unjust enrichment are present in this case.
DEFENDANTS’ OFFSET
The trial court awarded defendants $371.76 on their reconventional demand representing $200 for improvement of the yard surrounding the house, $100 for wallpapering the house and $71.76 defendants paid to have a ventilator installed. Defendants contend that the trial court erred in refusing to award them $1700.00 which they claim represents the increase in value of the home they sold that they would have enjoyed had they not sold it, and $748.00 for insurance they claim to have paid on the home they were occupying. Defendants’ claim for $1700.00 is unfounded. We can conceive of no theory under which recovery of this amount would be allowed, and defendants have cited us none. As to defendants’ claim for $748.00 for insurance allegedly paid on the house, the trial court apparently found that defendants had failed to prove this claim and we agree.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendants-appellants.
AFFIRMED.