411 So.2d 601 (1982)
SOUTHERN MOSAIC TILE, INC.
v.
Marion J. ALESSI, d/b/a Alessi.
No. 14579.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
William D. Beck, Jr., Baton Rouge, for plaintiff-appellee Southern Mosaic Tile, Inc.
Patrick F. McGrew, Baton Rouge, for defendant-appellant Marion J. Alessi d/b/a Alessi.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
Marion J. Alessi, d/b/a Alessi, appeals the judgment rendered in favor of Southern *602 Mosaic Tile, Inc. against him on March 11, 1981, in the amount of $5,351.78, with legal interest. We affirm.
This suit commenced as a suit on an oral construction contract to collect the sum of $8,366.56, the balance allegedly due under the contract, based on the furnishing, installing and setting of tile by the tile company on Alessi's property in the City of Baton Rouge, Louisiana, in October and November of 1978. Alessi filed an answer in the nature of a general denial.
After trial on the merits, the court found that there was no contract between the parties because they "did not have a meeting of the minds as to the ultimate cost of the installation of the tile." However, the court found that Alessi was "liable for a reasonable amount for the labor and materials furnished." From the proof offered, the trial judge considered that, based on quantum meruit, the tile company was entitled to recover the sum of $5,351.78. The court arrived at this figure primarily from the testimony of the expert witnesses, particularly that of Mary Kibler, a partner in B & E Building Specialities, which is a distributor of the particular tile used on the Alessi job.
In the instant case, we are faced with a situation where the parties intended to enter into a construction contract.[1] This contract must meet the requisites for an ordinary contract. The four requisites of a valid contract are set out in the Civil Code as capacity of the parties, consent of the parties, a certain object, and a lawful purpose. LSA-C.C. art. 1779. Each particular type of contract, e.g., a construction contract, may have other requisites. If a requisite is missing, there is either no contract at all, or a contract of another type. LSA-C.C. art. 1764; Benglis Sash & Door Co. v. Leonards, 387 So.2d 1171 (La.1980).
In addition, this contract must satisfy the requirements for a construction contract as stated in LSA-C.C. art. 2756, as follows:
"To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price." (Emphasis ours)
The question then becomes, was there a meeting of the minds on price in the oral contract between Southern Mosaic Tile and Alessi? The trial judge answered in the negative, stating:
"In the final analysis, the Court is of the opinion that these two men (Mortensen, for the tile company, and Alessi) in their dealings back and forth with each other did not have a meeting of the minds as to the ultimate cost of the tile for Mr. Alessi on this building."
The record supports this finding. See Skains v. White, 391 So.2d 1327 (La.App. 2 Cir. 1980); Stupp Corporation v. Con-Plex, Division of U. S. Industries, 344 So.2d 394 (La.App. 1 Cir. 1977). In October of 1978, Alessi got in touch with Southern Mosaic Tile by telephone, and the parties agreed that the tile company would furnish, install, set and finish tile on the floors and walls of Alessi's commercial building in Baton Rouge. No certain price was stipulated and no total amount of the cost of the materials and labor was agreed upon by the parties. Thereafter, Southern Mosaic Tile purchased the materials, furnished the labor, installed and finished the tile. Plaintiff billed Alessi by submitting itemized records of the cost of the materials, expenses, labor and a profit item. The work was completed and defendant made no complaint of defects. Mrs. Kibler, plaintiff's expert, described the Alessi job as "custom." She testified: "... it's beautiful. I saw them when they were installing it. I watched them work. I was amazed at it. It's a fantastic job. There's not another job like it in Baton Rouge of that quality." Alessi contended, in the pre-trial order, that plaintiff was paid for work as billed in progress; and "according to the regularly kept business records of the defendant, the defendant still owes the sum of $2,130.14." This is based on a price at *603 Baton Rouge of $1.25 per tile, plus labor computed at $1.25 per tile.
We think the jurisprudential development of quantum meruit is applicable to this case. See Skains v. White, supra; Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3 Cir. 1975). Generally, quantum meruit is based on the legal (and moral) maxim that no one is to enrich himself at the expense of another. LSA-C.C. art. 1965. This rule is aptly set out in Jones v. City of Lake Charles, 295 So.2d 914 (La. App. 3 Cir. 1974):
"Quantum meruit is an equitable doctrine, based on the concept that no one who benefits by the labor and incidental materials of another should be unjustly enriched thereby. Under those circumstances the law implies a promise to pay a reasonable amount for the labor and materials furnished, even in the absence of a specific contract therefor."
On the question of quantum meruit, appellant contends that the trial court erred in allowing the introduction of evidence on this issue since appellee had not included in its pleadings "quantum meruit" as a basis for recovery. Under the circumstances of this case, there is no merit in this contention.
The Court in Terral v. Bearden, 338 So.2d 141 (La.App. 2 Cir. 1976), examined the reasons underlying the procedural bar to quantum meruit where it had not been set out in the pleadings, and explained, as follows:
"The reason for not allowing recovery in quantum meruit when suit is brought on a contract and no alternative plea is made, is to avoid surprise and resulting injustice to the defendant. The same reason exists in the code requirements that special damages be `specifically alleged' (C.C.P. Art. 861) and that affirmative defenses shall be `set forth affirmatively' (C.C.P. Art. 1005). See Paxton v. Ballard, 289 So.2d 85 (La.1974) and Townsend v. Cleve Heyl Chevrolet, 318 So.2d 618 (La.App. 2d Cir. 1975). In Paxton, the procedural bar was lifted because the adverse party was timely given `fair notice' by factual pleadings of what the other party was seeking, although the pleading was technically deficient when weighed against the Codal authority. In Paxton, the defendant failed to plead contributory negligence as a bar to recovery. In Townsend, the `fair notice' doctrine of Paxton was extended to cover special damages under La.C.C.P. Art. 861. In both instances, the test applied was whether the adverse party had `fair notice' by the factual pleadings of what the other party was contending and was not `surprised' so as to create an injustice. Where this question is affirmatively answered, the procedural bar because of technically deficient pleadings is not applied. These principles are appropriate here.
"In the instant case, defendant was sent an itemized statement before suit was filed showing the hours worked and the respective hourly rates. Plaintiff's petition alleged the same information and a copy of the itemized statement was attached. Defendant attempted to negotiate with plaintiff's attorney after suit was filed and was generally informed by this attorney of plaintiff's contentions as to the hours and the rates. Defendant was afforded ample time to contest the reasonableness of both the hours and the hourly rates on which plaintiff was basing his case. Defendant did not, but could have asked for a continuance to obtain evidence to rebut plaintiff's testimony regarding the basis of the hours and the rates (C.C.P. Art. 1154).
"Plaintiff expressly alleged in his petition that the itemization submitted to defendant `... represents a fair and reasonable charge for services rendered in view of the skill and time involved and plaintiff is entitled to recover same from defendant.' The reasonableness of plaintiff's charges and the amount of time involved were put at issue by this allegation and it was not necessary for plaintiff to plead quantum meruit in the alternative. Under this allegation plaintiff was required to prove the reasonableness and fairness of *604 the time and the charges. Plaintiff did this to the lower court's satisfaction. We hold therefore that defendant was timely given `fair notice' of plaintiff's contentions and was not taken by surprise so as to cause him an injustice."
In the instant case, Alessi was furnished a detailed bill by Southern Mosaic Tile in December of 1978 after completion of the job. The final bill set forth in detail the quantity and costs of materials, the cost of labor, other incidental expenses, and profit for the job. In addition, upon Alessi's refusal to pay the bill, appellee filed a contractor's lien together with an itemized statement of account with attached invoices detailing materials, labor costs and incidental expenses. Moreover, the pre-trial order sets out:
"Plaintiff contends that it has not received payment in full for the furnishings, installation of and setting of tile on immovable property located at 8700 Florida Boulevard, Baton Rouge, Louisiana in October and November, 1978, and that a balance of $8,366.56 is due and owing by defendant."
Hence, we find that from December, 1978, until the trial on March 9, 1981, Alessi was made aware of the contentions of Southern Mosaic Tile in this matter. It is noted that Alessi filed only a general denial, did not avail himself of discovery procedures, and did not request a continuance of the trial. We find that appellant was not deprived of fair and timely notice of appellee's cause of action or claim, and was not or should not have been taken by surprise at any of the evidence presented at the trial. Appellee was not required to plead "quantum meruit" under the circumstances of the instant case in order to be allowed recovery under that theory or doctrine. Terral v. Bearden, supra.
LSA-C.C.P. art. 862 further supports the right of the trial court to grant the relief to which the plaintiff is entitled. It mandates every final judgment to grant the full relief to which the parties are entitled, whether or not such relief has been demanded in the pleadings. LSA-C.C.P. art. 2164 authorizes an appellate court to grant any relief justified upon the record. Our procedural rules are to be liberally construed to allow consideration of any cause of action or defense, even if not properly labeled or demanded, if the pleadings, taken as a whole, contain sufficient factual allegations to afford fair notice to the adverse party of the relief sought. Greer v. Continental Casualty Company, 347 So.2d 70 (La.App. 2 Cir. 1977). We hold that plaintiff's allegations under the circumstances of the present case afforded fair notice to Alessi of the factual basis upon which plaintiff sought relief.
Finally, appellant contends that the evidence presented for the purpose of a quantum meruit award was insufficient.
In Swan v. Beaubouef, 206 So.2d 315 (La. App. 4 Cir. 1968), the Court said:
"The determination of this amount owed by the party receiving the benefit shall be derived from a reasonable evaluation of the services performed as adjusted to the circumstances of the individual situation. See Haase v. Brum field, La.App., 137 So.2d 680. Thus a necessary issue to the suit involving quantum meruit is the reasonable evaluation of the services when such recovery is due and owing."
Further, in Jones v. City of Lake Charles, supra at 917:
"The general rule is that the plaintiff who establishes his right to be compensated on quantum meruit should recover as much as he reasonably deserves for his services and for the time and labor required for them. There is no specific test which must be applied to determine the reasonable value of such services. It is a matter of equity depending upon the circumstances of each case. Bordelon Motors, Inc. v. Thompson, [176 So.2d 836 (La.App. 3 Cir. 1965)] supra; Duggan Machine Company v. Consolidated Well Serv. Co., 187 So.2d 124 (La.App. 2 Cir. 1966)."
We have reviewed the evidence contained in the record and find that it fully supports the trial judge's award. Jens Mortensen, president of Southern Mosaic Tile, Inc., testified *605 about the purchase orders, invoices for the materials, labor and expenses. Mrs. Mary Kibler testified as an expert and placed a reasonable valuation upon a job of this nature. She also testified about the fine workmanship of the tile job. There is other ample evidence in the record on which the trial judge could arrive at a reasonable evaluation of the materials, labor, expenses, and other costs of this job. See Skains v. White, supra.
Accordingly, we affirm the judgment appealed at appellant's costs.
AFFIRMED.
NOTES
[1] This type of contract involves more than a mere sale of materials (tile); it involves primarily the furnishing of labor, materials, and the contractor's skill in the performance of the job. See Henson v. Gonzalez, 326 So.2d 396 (La. App. 1 Cir. 1976).