ALFORD, Judge.
This is an appeal from a default judgment rendered in the Nineteenth Judicial District Court, Parish of East Baton Rouge. The central issue posed by this appeal is whether plaintiff, in obtaining a default judgment awarding money damages for work allegedly done on a construction project, established a prima facie case by competent evidence.
Dalton Anthony Construction Co., Inc. (Dalton, Inc.), plaintiff, is a subcontractor which sued Acadian Utilities Co., Inc. (Aca-dian), a contractor, and Acadian’s surety, Continental Casualty Inc., alleging recovery under contract, either written or oral. Plaintiffs default judgment was confirmed on the basis of the existence of a contract. Defendants brought this appeal.
From the record, it is apparent that Dalton, Inc. submitted some sort of bid to Acadian to perform work on a wastewater treatment facility in the town of Elton, Louisiana. The testimony of Dalton, Inc.’s president, Dalton Anthony, at the confirmation of default indicated that Mr. Anthony signed a “Minority Contractors Utilization Information Sheet” and gave the sheet to Acadian’s superintendent. Mr. Anthony further testified that he did not know what happened to the information sheet once he gave it back to Acadian’s superintendent. Although the amount of $66,040.00 was inserted onto the information sheet in three places following the phrase “estimated amount of contract”, the record is silent as to who inserted that amount onto the sheet or why. It is the contention of Dalton, Inc. that the information sheet is the contract and that the sum of $66,040.00 was the sum contracted for. Copies of cancelled checks entered into the record indicate that Dalton, Inc. was paid in draws totaling $8,608.00 during the course of the project. Dalton, Inc. filed suit to recover the difference between the alleged contract amount and the amount paid in draws. Domiciliary service was made on Acadian’s agent twice, followed by personal service on Acadian’s agent on November 10, 1983. A default was confirmed on February 11, 1983, against Acadian. Acadian brought the instant appeal.
Acadian contends that Dalton, Inc. failed to meet the burden of proof necessary to confirm a judgment by default. We agree.
LSA C.C.P. art. 1702 provides in part: “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” Confirmation of a default judgment must be made by evidence sufficient to prove each element of plaintiff’s claim as though each essential allegation had been specifically denied by the defendant. Tucker v. Howes, 413 So.2d 585 (La.App. 1st Cir.1982); Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980).
Dalton, Inc. asserted and was awarded recovery on the basis of a contract. However, under the facts of this case there is no proof of a valid contract. As noted by this court in Southern Mosaic Tile, Inc. v. Alessi, 411 So.2d 601, 602 (La.App. 1st Cir.1982):
In the instant case, we are faced with a situation where the parties intended to enter into a construction contract, (footnote omitted). This contract must meet the requisites for an ordinary contract. The four requisites of a valid contract are set out in the Civil Code as capacity of the parties, consent of the parties, a certain object, and a lawful purpose. *1000 LSA-C.C. art. 1779. Each particular type of contract, e.g., a construction contract, may have other requisites. If a requisite is missing, there is either no contract at all, or a contract of another type. LSA-C.C. art. 1764; Benglis Sash & Door Co. v. Leonards, 387 So.2d 1171 (La.1980).
In addition, this contract must satisfy the requirements for a construction contract as stated in LSA-C.C. art. 2756, as follows: “To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price.” (Emphasis ours)
In the present situation there is no evidence in the record of a meeting of the minds between the parties as to the ultimate cost of Dalton, Inc.’s work. In fact, the contrary proposition is demonstrated. Dalton, Inc. attempted to. demonstrate the existence of a contract in two ways: First, by the testimony of Dalton Anthony at the confirmation of the default and, second, by the introduction into evidence of the “Minority Contractors Utilization Information Sheet,” which Dalton, Inc. asserted was a written contract.
The testimony of Dalton, Inc.’s witness, Dalton Anthony, relative to the existence vel non of a contract shows that Dalton, Inc. did not enter into any agreement with Acadian relating to a specific amount of money for the job. Mr. Anthony further testified that the “Minority Contractors Utilization Information Sheet” did not have the alleged contract amount of $66,040.00 on it when he signed it and gave it to Acadian’s superintendent. Mr. Anthony also admitted that he did not know what happened to the “information sheet” after he gave it to the superintendent.
Even assuming, arguendo, that this “information sheet” was not hearsay,[1] it certainly does not evidence the required meeting of the minds as to a certain stipulated price. Mr. Anthony further testified that there were admitted ambiguities in the “information sheet” as to whether Dalton, Inc. was supposed to supply materials or not, a fact important in the ultimate determination of a contract price. On the one hand, Dalton, Inc. is claiming under a contract, yet on the other it admits that there was no meeting of the minds as to price and materials. Accordingly, we find that Dalton, Inc. failed to meet its burden of establishing a prima facie case sufficient to confirm a default judgment.[2]
For the foregoing reasons, the default judgment is reversed and vacated, and the ease is remanded to the district court for proceedings consistent with this opinion. Appellee is to bear the costs of this appeal; assessment of all other costs is to await final disposition of the case.
REVERSED AND REMANDED.

. Hearsay evidence cannot sustain the burden of proving a prima facie case for a confirmation of default. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980).

. We have not overlooked the alternative remedy of quantum meruit, as allowed in Southern Mosaic Tile, Inc. v. Allessi, 411 So.2d 601 (La. App. 1st Cir.1982). However, without deciding whether that remedy is or is not legally available in this situation, we note that Dalton, Inc. failed to produce any competent factual evidence as to the fair value of the alleged services rendered.