FRED W. JONES, Jr., Judge.
These suits, consolidated for trial and appellate purposes, were filed by the plaintiffs against their employer, the Bienville Parish School Board (“school board”), for medical and hospital expenses allegedly due because of defendant’s negligence in failing to properly process plaintiffs’ applications for insurance coverage. Plaintiffs also sought general damages for mental anguish, anxiety and frustration.
In each suit the defendant school board filed a third party demand against the State Employees Group Benefits Program (“Employees Group”), a state agency in the Louisiana Department of Treasury.
In written reasons for judgment the trial judge found that the school board had “a duty to secure insurance coverage for an employee once the employee makes application and the Board deducts premiums from the employee’s salary.” Therefore, judgment was rendered for plaintiffs against the school board for medical and hospital expenses. The claims for general damages were rejected.
The trial court then concluded that judgment should be rendered in each case against the third party defendant because “if Employees Group had simply notified the parties that their application was incomplete and sent them the additional forms, the parties would undoubtedly have completed them and been timely enrolled in the insurance program.”
Employees Group, the third party defendant, appealed, contending that the trial judge erred in finding that it was under a duty to notify individual employees of receipt of an incomplete insurance application.
Plaintiffs also appealed, arguing that the trial court committed error in failing to find negligence on the part of the school board employee who handled the insurance applications and in not awarding general damages. The school board did not appeal.
For the reasons hereinafter explained, we reverse the judgment insofar as it decrees awards against the third party de *127 fendant in each case, but deny plaintiffs’ claims for an increase in their awards by granting general damages.

Factual Context

Pursuant to a contract between the school board and the Employees Group [a self-funded and self-insured plan], in early 1980 the Employees Group began enrolling employees of the school board. During the initial phase the employees who enrolled were provided coverage without evidence of pre-existing medical condition and without submitting a statement as to their health. However, after expiration of the original 30 day open enrollment period applicants were required to complete an application, a pre-existing medical condition acknowledgment form and a statement of health form.
James Hankins, school board Payroll Coordinator, was responsible for processing applications for insurance coverage with the Employees Group for the school board.
In 1980 and 1981, John David Thomas and Phyllis Thomas (not related) were employees of the school board. Subsequent to expiration of the initial 30 day open enrollment period, each applied for insurance coverage with Hankins under the Employees Group Program. Neither applicant was asked to complete a pre-existing medical condition acknowledgment form or a statement of health form. Consequently, upon receipt of the incomplete applications the Employees Group returned them to the school board and notified it that the applications were rejected. However, neither applicant was informed by the school board or Employees Group of the rejection. Since the school board deducted premiums for insurance from their salaries, the employees assumed that they had coverage.
Mrs. Thomas was hospitalized for pneumonia in March 1981. It was then that she learned of her lack of insurance coverage. John David Thomas entered a medical center for a tonsillectomy in February 1981. Upon submission of his medical bills for payment, he was told of his lack of insurance coverage. This litigation was then initiated by both employees.
Since the school board has neither appealed nor answered the appeal, the judgment is final as to it. Consequently, our inquiry is directed to the correctness of the judgment as it relates to the third party decrees and the failure of the trial court to award general damages.

Third Party Demands

The contract between the school board and the Employees Group, providing for inclusion of school board employees in the state insurance program, contained this clause:
“The parties further agree that the State Program will submit one monthly premium statement, and payment of such statement will be within fifteen (15) days of receipt by applicant.”
Dr. James McElveen, Director of the state insurance group program, testified that, although not specifically spelled out in the contract, it was understood by the contracting parties that it was the responsibility of all employers in the program to enroll new employee applicants and to process changes of coverage.
According to McElveen, a meeting held in Baton Rouge in May 1980 to familiarize personnel officers and invoice coordinators with the Group Benefits Program and the various forms required, including the preexisting medical condition acknowledgment form and the statement of health form. Hankins attended this meeting.
It was further explained that a representative of Employees Group visited the school board office once a month to answer any questions that had arisen concerning the program and to supply needed forms. However, if the school board ran out of a form between these visits, a telephone call to the state office would result in the immediate mailing of the requested form.
It is apparent from the contract between the school board and Employees Group and the trial testimony pertaining to the practice of the parties that the school board was expected to process insurance applica *128 tions by employees, including completion of necessary forms, and to submit them to the Employees Group state office. There was no contact between Employees Group and the individual applicant. Improperly completed applications were returned for correction to the school board, not to the applicant-employee.
In Greer v. Continental Casualty Company, 347 So.2d 70 (La.App. 2d Cir.1977) we held:
"... an employer policyholder of a group health and accident policy is obligated to inform the insured employee of the termination or modification of benefits under the policy.”
A logical extension of this holding would also require the employer to notify the employee of the rejection of his application for insurance and the reason for that rejection.
In view of this finding, it is our determination that the trial judge erred in holding Employees Group, the third party defendant, liable to the school board on the ground that it had a duty to notify the plaintiffs that their applications were incomplete. Employees Group fulfilled its contractual obligation by returning the incomplete applications to the school board. Consequently, those portions of the judgment decreeing awards in favor of third party plaintiff against the third party defendant will be reversed.

Failure of Trial Court to Award General Damages

Plaintiffs contend that the trial judge committed error in failing to award them general damages for mental anguish and embarrassment. We do not agree.
Recovery for damages of this nature cannot be had for a breach of a contract which has as its object anything other than intellectual gratification. La.Civil Code Art. 1998 (1984); Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1980).
The purpose of this contract between the employees and the school board was to secure insurance, not intellectual gratification. Therefore, the trial judge correctly denied the general damage award.

Conclusion

Those portions of the district court judgment in favor of the third party plaintiff, Bienville Parish School Board, and against the third party defendant, the State of Louisiana through the Board of Trustees for the Employees Group Benefit Program, Department of Treasury, are reversed, and the third party demands are dismissed.
Plaintiffs’ demands that the decrees in their favor against the school board be increased by an award of general damages are denied.
Costs of appeal are assessed one-half to the school board and one-half to plaintiffs.