DUFRESNE, Judge.
Plaintiff, Southern States Equipment Co., Inc. filed this lawsuit against Unique Services, Inc. (Unique) for rental payments arising from Unique’s use of Southern’s equipment.
Unique entered into an agreement to lease/purchase a LS-70 loader from Southern. This machinery was not available, so it was ordered, and Southern offered Unique the use of a Model L-1200 as a rental until the LS-70 arrived. Unique took possession of Southern’s L-1200 for more than two months, and during this period Unique leased this loader (L-1200) to its customers. There was no agreement as to rental payment for the L-1200 pending arrival of the ordered loader (LS-70).
The LS-70 loader arrived and was delivered to one of Unique’s job sites. After several days of use, Unique refused to purchase the LS-70 because it was not satisfied with the loader’s performance. Unique indicated that the LS-70 was unsuitable for their needs and returned the loader to Southern and canceled the purchase order.
Soon after the return of the LS-70, Southern notified Unique that rental payments would be charged for the use of the L-1200. Unique refused to make any payments, consequently Southern filed this lawsuit seeking $6,370.00 for rental of the equipment; including the skid steer loader L-1200, air compressor, air hoses, as well as for diesel fuel.
The trial court rendered judgment in favor of Southern and against Unique in the amount of $3,749.12 as reasonable compensation for the use of Southern’s equipment. Unique has suspensively appealed.
At trial Southern’s contention was that a rental or lease agreement existed with Unique for the use of its equipment, which Unique refused to pay. Unique argued that Southern offered the use of the L-1200 loader as a free “rental demo”. Additionally, Unique asserts that it returned the L-1200 loader within one week from the *1200 date of Southern’s notification that rental payments were due.
Unique deposited $432.19 into the registry of the court to cover the undisputed cost for the use of an air compressor, hoses and diesel fuel. However, Unique disputes the indebtedness of any rental payments to Southern for the use of the L-1200 loader because it found the machinery unsatisfactory for its intended purpose.
In the final stages of the trial, Southern asserted the legal theory doctrine of unjust enrichment should the court fail to find a binding rental agreement.
The record is clear and the trial court’s reasons for judgment are a fine recitation of the applicable law. We adopt his reasons as our own. The trial judge stated:
“The Court is of the opinion that there was no meeting of the minds between the parties concerning a contract of lease. The Court is not convinced that a valid rental agreement was reached because there was no meeting of the minds between the parties as to a price, which is a requisite of the contract of lease. LSA-CC article 2670 et seq.
The Court feels that the application of quantum merit, or unjust enrichment, is fair under the circumstances of this case. Louisiana law encompasses the legal and moral maxim that no one ought to enrich himself at the expense of another. Our law embodies the general concept that the value of an enrichment or impoverishment must be restituted. It is obvious from the petition that the plaintiff wanted compensation for Unique’s use of the equipment. Unique had fair and timely notice from the pleadings that Southern wanted payment for Unique’s use of Southern’s equipment. The attorneys for both parties had sufficient opportunity to discuss the facts of this case. Defendant should not have been surprised by evidence produced at trial. The Court feels that the evidence produced at trial showed that Unique was unjustly enriched. Vinzinat [Vizinat] v. Reed, 406 So.2d 263 (La.App. 3rd Cir., 1981), Southern Mosaic Tile, Inc. v. Alessi, 411 So.2d 601 (La.App. 1st Cir., 1982), Terral v. Bearden, 338 So.2d 141 (La.App. 2nd Cir., 1976), Paxton v. Ballard, 289 So.2d 85 (La.1974).
The Courts have fashioned five requisites that must exist in order to find an unjust enrichment. These requisites are:
1) an impoverishment — Southern’s deprivation of the use of its equipment.
2) an enrichment — Unique’s use of the equipment, including funds generated from the rental of the L-1200 to third parties.
3) a connection between the impoverishment and the enrichment — Southern was deprived of the use of its equipment because Unique or Unique’s lessee was in possession of its equipment.
4) the absence of justification for the enrichment or impoverishment — this is inherent in an action for unjust enrichment.
5) the absence of another remedy at law — the Court has held that there was no valid lease or rental agreement between the parties.
Marceaux v. Town of Lake Arthur, 392 So.2d 783 (La.App. 3rd Cir., 1980).
L.S.A. — CC.P. article 862 further supports the right of the trial Court to grant the relief to which the plaintiff is entitled, whether or not such relief has been demanded in the pleadings.
Procedural rules are liberal in Louisiana, and should be “construed to allow consideration of any cause of action ... if the pleadings, taken as a whole, contain sufficient factual allegations to afford fair notice to the adverse party of the relief sought.” Greer v. Continental Casualty Company, 347 So.2d 70 (La.App., 2nd Cir., 1977).
“The Court is of the opinion that Unique Services, Inc. should pay Southern States Equipment Co., Inc. the sum of $3,749.12 for the use of Southern’s equipment; including the L-1200, the air compressor, hoses and diesel fuel. The Court considers that amount to be reasonable compensation under the facts of this case.”
*1201 We are convinced that Southern proved by a preponderance of the evidence that Unique was unjustly enriched through its business conduct.
We agree fully with the trial judge that under the circumstances here that the plaintiff should be allowed compensation for the use of its equipment by the defendant.
Accordingly, we affirm the judgment of the trial court. All costs of this appeal to be paid by the appellant.
AFFIRMED.